EDWARD R. WEISS, EXECUTOR, RESPONDENT, v. ADRIAN D. SULLIVAN ET AL., APPELLANTS.

Submitted July 7, 1919—Decided March 1, 1920.

In consideration of the purchase of twenty shares of the preferred stock of a corporation by the plaintiff's testatrix, certain other stockholders of the corporation executed and delivered to her a written guarantee of the payment of the principal and semi-annual dividends for the term of three years, and also that the principal would be paid at the end of said period. The stock was subject to redemption by the company before the maturity date for payment under the guaranty, but was not redeemed by the company nor the principal paid by the guarantors, but the stock was held by the purchaser and dividends paid by the company until her death about three years after maturity of the guaranty, and her executors sued for the principal. *Held*, that the guaranty was not conditional but absolute; that neglect to demand payment, or to give notice of default, was not a waiver of the guaranty, and that the right to enforce payment having accrued to the purchaser in her lifetime such right passed to her executor.

On appeal from the Supreme Court.

For the respondent, *Hunziker & Randall.*

For the appellants, *Michael J. Murphy.*

The opinion of the court was delivered by

BERGEN, J. This cause was tried before the court, a jury being waived, and the record contains no facts other than those found by the court, which are that Katherine Sprattler, plaintiff's testatrix, on September 29th, 1911, bought twenty shares of the preferred stock of a corporation in which the defendants were interested, and to induce such purchase they executed and delivered the following written agreement: "In consideration of the sum of two thousand dollars paid by Katherine Sprattler for twenty shares of the preferred stock of the James A. Morrisse, Incorporated, being certificate

number 9 of said preferred stock, we, the undersigned, being stockholders of the James A. Morrisee, Incorporated, do hereby individually guarantee the payment of the principal and the semi-annual dividends on said twenty shares of stock for the term of three years, and we do hereby guarantee that the principal will be paid at the end of said period."

The trial court found for the plaintiff and directed the entry of a judgment for plaintiff from which defendant appeals. The appellants first urge that the guaranty was conditional and not absolute. We think that it was absolute. It first guarantees the payment of the principal, and the semi-annual interest for three years, the guarantee of the payment of the principal being absolute, and that of the interest limited for three years, and then, apparently to avoid ambiguity, guarantees that the principal will be paid at the expiration of three years. This question was fully considered by Chief Justice Beasley in *Hoey* v. *Jarman,* 39 *N. J. L.* 523, and by Mr. Justice Parker in *Pfeiffer* v. *Crossley,* 91 *Id.* 433. This guarantee is absolute and not conditional.

The appellants' next point is, that the failure of Katherine Sprattler to demand the principal of the stock from either the corporation or the defendant at the expiration of the three years released the guarantors. Where the guaranty is absolute no demand is necessary, for it is the duty of the debtor to seek his creditor and offer payment on the due date. In this case it was the duty of the guarantors to make good their obligation on the day of its maturity by tendering the principal required by their written agreement, unless there had been an express extension of the date of payment. There was no obligation of the company to redeem at the end of three years. It had that option, but did not exercise it, and, manifestly, notice to the company was not required.

The last point argued by the appellants is, that the guaranty was personal and therefore the executor of Katherine Sprattler cannot recover. The appellants very earnestly argued that *Rotch et al.* v. *French,* 56 *N. E. Rep.* 893, supports their contention. But clearly it does not. There the guarantee was for the payment of a dividend, as a consideration for stock

purchase. No time was fixed and the court held that in such case it must be held to be for a reasonable time only, and that the lifetime of the guarantors was a reasonable limit. In this case the limit was fixed, and when that expired and there was a default an immediate right of action arose which passed to the executor of the person vested with that right.

In order to avoid any misapprehension of the intended effect of this opinion we deem it wise to say that while it has not escaped our observation that the record seems to show the plaintiff still retains the stock and all the dividends paid on it, not having surrendered or tendered a surrender thereof before suit was brought, no such defence was set up in the answer filed by the defendants, raised in the court below, assigned as a cause for reversal in this court, or presented to this court on the argument before it, and these matters not relating to any question of jurisdiction or public policy, this court will not consider them. *State v. Heyer,* 89 *N. J. L.* 187; *McMichael v. Horay,* 90 *Id.* 142. Therefore, the questions whether this suit was prematurely brought if instituted before tender of surrender of the stock, or whether the judgment should have been for the guaranteed value of the stock and interest from the date of the default, less the amount of dividends received, are not intended to be determined, for the reason that they are not raised in any such way as to require this court to consider them.

The only questions raised by the pleadings and argued by the appellants, being determined against their contention, an affirmance of the judgment is required.

The judgment will be affirmed, with costs.

*For reversal*—WHITE, GARDNER, ACKERSON, JJ. 3.